a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

ERIC DALE MICKELSON,                CIVIL DOCKET NO. 5:20-CV-1297-P
Petitioner

VERSUS                              JUDGE ELIZABETH E. FOOTE

DARREL VANNOY,                      MAGISTRATE JUDGE PEREZ-MONTES
Respondent

---

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Eric Dale Mickelson ("Mickelson") (#378995). Mickelson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Mickelson challenges a ruling of the First Judicial District Court, Caddo Parish.

Because Mickelson's Petition (ECF No. 1) raises a claim not cognizable under § 2254, the Petition should be DENIED and DISMISSED WITH PREJUDICE.

### I.  Background

Mickelson was convicted of first-degree murder and sentenced to death. *State v. Mickelson*, 2012-2539 (La. 9/3/14); 149 So.3d 178. He raised numerous assignments of error on appeal, including the district court's failure to sustain his challenge for cause of a venire member and the purported lack of sufficient evidence to sustain the conviction. *Id.* The Louisiana Supreme Court found that the sufficiency of the evidence claim was meritless. However, the Court was "constrained

by statutory requirements" and "obligated to find reversible error" in the trial court's denial of Mickelson's failure to excuse a prospective juror for cause. *Id.* The Louisiana Supreme Court reversed the defendant's conviction and sentence and remanded for a new trial. *Id.*

Mickelson was again convicted of first-degree murder after the new trial. *State v. Mickelson*, 50,940 (La.App. 2 Cir. 12/14/16); 210 So.3d 893, *writ denied*, 2017-0538 (La. 12/5/17); 231 So.3d 626. The jury recommended a life sentence, and Mickelson was sentenced to serve life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence. *Id.* On appeal, Mickelson argued that the trial court erred by denying his challenges for cause as to 10 prospective jurors; by denying his request to change his plea to not guilty by reason of insanity; and by denying his motion to exclude certain photographs from evidence. *Id.* at 896, 898. The Louisiana Second Circuit Court of Appeal affirmed the conviction and sentence, and the Louisiana Supreme Court denied writs. *Id.*

In January 2018, Mickelson submitted a motion for the production of documents. The trial court partially granted the request, providing Mickelson with one free copy of the documents enumerated in *State ex rel. Simmons v. State,* 647 So. 2d 1094, 1095 (La. 1994): (1) transcripts of the plea colloquy; (2) copies of the bill of information or grand jury indictment charging them with committing a crime; (3) copies of the district court minutes for various portions of their trials; (4) copies of transcripts of evidentiary hearings held on their applications for post-conviction relief; and (5) copies of the documents committing them to custody. ECF No. 1-2 at

25. The trial court advised Mickelson that he would have to pay for additional copies. The trial court denied Mickelson's request as to other documents because he did not provide a sufficient particularized need. ECF No. 1-2 at 26.

Mickelson then filed an application for post-conviction relief, along with another request for documents. Mickelson argued that, under *State ex rel. Bernard v. Criminal D.C.*, 653 So.2d 1174 (La. 1995), the documents were necessary to support his post-conviction claims. ECF No. 1-2 at 39. Mickelson also requested the appointment of counsel. ECF No. 1-2 at 45.

The trial court denied the motion for documents, finding that Mickelson had been already been provided free copies of the documents to which he was entitled, and that Mickelson did not show a particularized need for the other documents based on the conclusory allegations in his application for post-conviction relief. ECF No. 1-2 at 47. The trial court advised Mickelson that he could request copies for a fee. *Id.* The trial court also denied Mickelson's request for appointment of counsel because there is no constitutional right to an attorney in state post-conviction proceedings, and there was no justification for appointing counsel under Louisiana law. ECF No. 1-2 at 47.

Mickelson's post-conviction application was filed on December 3, 2018. ECF No. 1-2 at 33, 44. In the application, Mickelson alleged that counsel was ineffective in failing to request a hearing to determine whether Mickelson was competent to represent himself at trial; that counsel was ineffective for arguing that Mickelson committed the crime because he was on drugs rather than framing the killing as an

accident; and that the trial court failed to advise him of his right to testify. ECF No. 1-2 at 51. The trial court denied the application on procedural grounds because Mickelson "failed to state with particularity the factual basis for relief as to any of his three claims" in violation of Louisiana Code of Criminal Procedure article 926. ECF No. 1-2 at 49-56. Alternatively, the trial court found that, despite the procedural bar, Mickelson failed to show that he ever attempted to waive his right to counsel; Mickelson failed to establish ineffective assistance of counsel; and, Mickelson could not show that he was prevented from testifying. *Id.* The Louisiana Second Circuit Court of Appeal denied writs on the showing made. ECF No. 1-2 at 55. The Louisiana Supreme Court denied writs on July 31, 2020. *State v. Mickelson*, 2019-01601 (La. 7/31/20); 300 So.3d 386.

## II. Law and Analysis

Mickelson raises one claim for relief in his § 2254 Petition—that the trial court's decision "denying Petitioner's request for documents resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court." ECF No. 1 at 6. Mickelson requests that this Court remand his criminal case, order the trial court to conduct a hearing, and instruct the State to provide Mickelson with the requested documents. ECF No. 1-1 at 11.

Mickelson's claim that the trial court wrongfully denied him free copies of documents to support his post-conviction application is not a proper basis for habeas relief. An attack on a state post-conviction proceeding "is an attack on a proceeding

4

collateral to the detention and not the detention itself." *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987); *see also Duff–Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992) ("infirmities in state habeas proceedings do not constitute grounds for federal habeas relief"); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (irregularities occurring during state post-conviction review do not state a claim for relief in federal habeas corpus); *Kelly v. Cockrell*, 72 Fed. Appx. 67, 78 (5th Cir. 2003); *Williams v. Louisiana,* CV 18-1999, 2018 WL 3352982, at *8 (E.D. La. June 18, 2018)*, report and recommendation adopted*, CV 18-1999, 2018 WL 3348995 (E.D. La. July 9, 2018); *Pamilton v. Warden, Avoyelles Correctional Center,* 11-CV-1433, 2014 WL 4629669, at *9 (W.D. La. Sept. 15,ev 2014) (even if trial court denied petitioner a free trial transcript or a fair opportunity to present his claims, infirmities in state habeas proceedings do not constitute grounds for relief in federal court); *Anderson v. Cooper,* 10-CV-1691, 2011 WL 666845, at *14 (E.D. La. Jan. 19, 2011) ("[P]etitioner claims that the state violated his rights by failing to produce a transcript of the post-conviction hearing. . . . However, because this claim concerns only the state post-conviction proceedings and does not affect the validity of petitioner's underlying conviction or sentence, it is not cognizable in this federal habeas corpus relief and cannot serve as a basis for relief."), *report and recommendation adopted*, 2011 WL 666874 (E.D. La. Feb. 14, 2011).  Because Mickelson's only claim for relief asserts an infirmity in the collateral proceeding and does not challenge the validity of his underlying conviction or sentence, Mickelson has not presented a cognizable federal habeas claim.

Moreover, even if the claim was cognizable in a habeas petition, Mickelson did not exhaust this particular claim. Mickelson does not allege, and the exhibits do not indicate, that he appealed the trial court's denial of free documents or raised the claim in any collateral proceeding.

Finally, there is no general constitutional right that a petitioner must be afforded a free copy of his state-court criminal record for purposes of post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987); *United States v. MacCollom*, 426 U.S. 317, 323-24 (1978); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973); *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971).

## III.    Conclusion

Because Mickelson fails to state a claim for which relief can be granted under § 2254, IT IS RECOMMENDED that his Petition for Writ of Habeas Corpus (ECF No. 1) be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

6

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, November 5, 2020

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE